United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KELLY L. LETCH,

    Plaintiff,

v.

SAFEWAY STORES, INC., et al.,

    Defendants.
_____/

No. C-05-1781 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; VACATING HEARING; REMANDING ACTION**

(Docket No. 3)

    Before the Court is the motion to dismiss filed May 2, 2005 by defendants Safeway Stores, Inc. ("Safeway") and Robert Munz ("Munz"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff Kelly L. Letch ("Letch") has filed opposition to the motion; defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the September 16, 2005 hearing, and, rules as follows.

## BACKGROUND

    The following facts are taken from the allegations of the complaint and are presumed true for purposes of the instant motion to dismiss. On or about July 30, 2002, Letch was hired by Safeway. (See Compl. at A-8.) Defendant Munz is a Safeway store manager.

---

[1] At the parties' request, the hearing on the motion was continued several times.

(See id. at A-8.) Throughout her employment, Letch made complaints to management about various assertedly unsafe workplace practices and workplace safety violations,[2] including complaints about (1) unsafe placement of knives in the sandwich bar; (2) placement of salads in such manner that they were contaminated with seafood drippings; (3) repeated failure of refrigeration in the deli cheese case; (4) the presence in the workplace of the deli manager's unsupervised young children in violation of company policy; and (5) extension cords left in walkpaths, uncovered and unsafe holes, and exposed electrical outlets. (See id.) On or about January 21, 2004, defendants accused Letch of failing to pay for a pack of cigarettes and, thereafter, terminated her employment. (See id.)

Letch alleges that defendants knew their accusations were false at the time they were made, (see id.), and that she actually was terminated in retaliation for her complaints of unsafe workplace practices and workplace safety violations. (See id. at A-8 – A-9.) As a result, Letch alleges, Safeway and Munz are liable for wrongfully terminating her employment in violation of public policy, as expressed in California Labor Code § 6310. (See id.) Letch further alleges Munz is liable for intentional interference with contractual relations as a result of his having made untrue allegations that Letch stole a pack of cigarettes, thereby disrupting her contractual employment relationship with Safeway. (See id. at A-11.)

Additionally, Letch brings a claim for negligence against Safeway based on (1) Safeway's alleged failure to "mitigate . . . the threat to workers" posed by asbestos removal from Safeway's Walnut Creek and/or San Ramon stores, thereby causing Letch and other employees to suffer sore throats, and (2) Safeway's "improper placement of the metal edging on the [self-service] cases," thereby causing Letch to sustain knee injuries in the course of loading meats and other items into such cases. (See id. at A-6.)

---

[2] The allegations of the complaint are not consistent as to whether these practices and violations occurred at Safeway's San Ramon or Walnut Creek store. Letch alleges that she was transferred to the San Ramon store in August 2003, (see Compl. at A-8), but elsewhere in the complaint, alleges she was employed at the Walnut Creek store from July 30, 2002 through February 6, 2004, (see id. at A-6.)

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

**DISCUSSION**

The instant complaint was filed February 7, 2005 in Contra Costa County Superior Court, and removed to federal court on April 29, 2005 on the ground that Letch's claim for wrongful termination in violation of public policy, in part, and her claim for intentional interference with contractual relations, in its entirety, are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Defendants now move to dismiss, in part, Letch's claim for wrongful termination in violation of public policy to the extent such claim is asserted against Safeway, and to dismiss in its entirety Letch's wrongful termination claim as asserted against Munz. Defendants also move to dismiss Letch's claim for intentional interference with contract, which is asserted only against Munz, and her negligence claim, which is asserted only against Safeway.

**A. Wrongful Termination in Violation of Public Policy**

Defendants argue that Letch's claim for wrongful termination in violation of public policy is preempted by § 301 of the LMRA, to the extent such claim is based on retaliation for Letch's having reported a violation of Safeway's policies,[3] and, accordingly, must be dismissed as time-barred. Defendants do not seek dismissal of Letch's claim for wrongful termination in violation of public policy to the extent such claim is based on retaliation for reporting "violations of the California Labor Code that provide for the regulation of occupational safety and health." (See Motion at 8 n. 3 (citing Paige v. Kaiser, 826 F.2d

---

[3] The only allegation in Letch's complaint that refers to a violation of Safeway's internal policies is the following paragraph:

> [I]n early January 2004, LETCH complained to the store manager, Robert Munz, of the dangerous conditions created by the deli manager bringing her young children into the workplace and keeping them there for extended periods of time, occasionally requiring SAFEWAY employees to monitor them. The practice of bringing children and unsupervised non-employees into the workplace violated company policy.

(See Compl. at A-8.)

4

857, 863 (9th Cir. 1987).)[4]

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court has held that any state law claim "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985) (citing Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962)).

LMRA preemption of state law actions is designed to foster "uniform, certain adjudication of disputes over the meaning of collective-bargaining agreements." See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 410-11 (1988). "In order to preserve this uniformity, even suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'" Id. (quoting Allis-Chalmers, 471 U.S. at 213)); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987) ("Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement") (internal quotation and citation omitted).

On the other hand, § 301 does not "preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." See Allis-Chalmers, 471 U.S. at 212. In Lingle, for example, a union employee asserted a cause of action under Illinois law for "retaliatory discharge for filing a worker's compensation claim." See Lingle, 486 U.S. at 406. Under Illinois law, the plaintiff was required to show that he was discharged or threatened with discharge, and that "the employer's motive in discharging or

---

[4] In Paige, the Ninth Circuit held a plaintiff's claim for wrongful termination in violation of public policy, based on California Labor Code provisions prohibiting the discharge of employees who complain to their employer about unsafe working conditions, is not preempted by § 301. See Paige, 826 F.3d at 862-863.

threatening to discharge him was to deter him from exercising his rights under the [Workers' Compensation] Act or to interfere with his exercise of those rights." See id. at 407 (internal quotation and citation omitted). The Supreme Court held such cause of action was not preempted by § 301 because the elements of the cause of action raised "purely factual questions" about "the conduct of the employee and the conduct and motivation of the employer" and "[n]either of the elements require[d] a court to interpret any term of a collective-bargaining agreement." See id.

In sum, "[i]f the plaintiff's claim cannot be resolved without interpreting the applicable CBA, . . . it is preempted." See Cramer v. Consolidated Freightways Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc). "Alternatively, if the claim may be litigated without reference to the rights and duties established in a CBA – as, for example, in Lingle, where the plaintiff was able to litigate her retaliation suit under state law without reference to the CBA – it is not preempted." Id.

In the instant case, as noted, Letch alleges she was terminated from her employment in retaliation for complaining about workplace safety issues that allegedly also violated Safeway's internal policies and, in particular, the presence in the workplace of the deli manager's unsupervised young children, and that, consequently, defendants are liable for wrongful termination in violation of public policy as set forth in California Labor Code § 6310. (See Compl. at A-8 – A-9.) In order to prevail on a claim for wrongful termination in violation of public policy, Letch must show that Safeway terminated her employment in violation of a policy that is "(1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision," see Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1256 (1994), or in an administrative regulation, see Green v. Ralee Engineering Co., 19 Cal. 4th 66, 80 (1998) (holding public policy can be expressed in an administrative regulation); see also BAJI 10.06 (identifying elements of cause of action for wrongful termination in violation of public policy as (1) contract of employment between plaintiff and defendant; (2) defendant's termination of plaintiff's employment in violation of public policy; and (3) plaintiff's damages).

Defendants argue that in order to determine the merits of Letch's claim, the Court will be required to interpret the collective bargaining agreement to determine (1) whether the presence of children in the workplace violated Safeway's policies; (2) whether Letch's termination was improper under the collective bargaining agreement, and (3) whether Safeway had just cause under the collective bargaining agreement to terminate Letch's employment.  The issue, however, is not whether Letch's termination violated the collective bargaining agreement, but whether it violated California public policy.  As with the retaliation claim at issue in Lingle, Letch's claim for wrongful termination in violation of public policy does not require interpretation of any term of a collective bargaining agreement.  See Lingle, 486 U.S. at 413 (noting "a state tribunal could resolve either a discriminatory or retaliatory discharge claim without interpreting the 'just cause' language of a collective bargaining agreement"); Paige, 826 F.2d at 862-63 (finding claim for wrongful termination in violation of public policy based on California Labor Code provision prohibiting discharge of employees who complain of unsafe working conditions not preempted); see also Cook v. Lindsay Olive Growers, 911 F.2d 233, 237-38 (9th Cir. 1990) (holding claim for wrongful termination in violation of public policy against employment discrimination on the basis of religion not preempted); Jackson v. Southern California Gas Co., 881 F.2d 638 (9th Cir. 1989) (finding claim for wrongful termination in violation of public policy against race discrimination not preempted); cf. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246 (1994) (adopting Lingle standard to resolves claims of preemption under Railway Labor Act and finding state law claim for wrongful termination in violation of public policy not preempted).

To the extent defendants may be arguing that no public policy is implicated by plaintiff's claim of retaliation for complaints about an internal policy, such argument goes to the merits of such claim, not to its preemption.  Although the Ninth Circuit, in Jackson, observed in dicta that a claim for wrongful discharge is preempted by § 301 "if it is not based on any genuine state public policy."  See Jackson, 881 F.2d at 643-44 (citing Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1002 (9th Cir. 1987), that statement no

7

1. longer reflects the current state of the law. As noted, Jackson relied on Young. Young, in
2. turn, relied on DeSoto v. Yellow Freight Systems, 820 F.2d 1434, 1437-38 (9th Cir. 1987).
3. See Young, 830 F.2d at 1002. In DeSoto, the Ninth Circuit held the plaintiff's claim for
4. wrongful termination in violation of public policy was preempted by § 301 because the
5. plaintiff was mistaken about the law and California public policy was not, in fact, implicated
6. by his termination. See DeSoto, 820 F.2d at 1438. The Supreme Court, however, vacated
7. the Ninth Circuit's opinion in DeSoto, and remanded for further consideration in light of
8. Lingle. See DeSoto v. Yellow Freight Systems, Inc., 486 U.S. 1050, 1050 (1988). The
9. Ninth Circuit thereafter reconsidered its earlier ruling and held the claim for wrongful
10. termination in violation of public policy at issue in DeSoto was not preempted by § 301.
11. See DeSoto v. Yellow Freight Systems, Inc., 861 F.2d 536, 536 (9th Cir. 1988). Thus,
12. Letch's claim is not preempted by § 301 even if she is mistaken that she was acting in
13. defense of California public policy by raising her complaints about the presence of children
14. in the workplace.

15.       Moreover, California public policy does, in fact, bar retaliation for good faith
16. complaints about workplace safety issues. Here, plaintiff alleges that the "unsafe" practices
17. about which she complained to defendant included the "dangerous condition" created by
18. the presence of children in the workplace, (see Compl. at A-8), and that her termination in
19. retaliation for such complaint "violated [California] Labor Code section 6310," (see id. at A-
20. 9). Section 6310 provides, in relevant part: "Any employee who is discharged . . . because
21. the employee has made a bona fide oral or written complaint to . . . his or her employer, or
22. his or her representative, of unsafe working conditions, or work practices, in his or her
23. employment or place of employment, . . . shall be entitled to reinstatement and
24. reimbursement for lost wages and work benefits caused by the acts of the employer." See
25. Cal. Lab. Code § 6310(b). "The public policy behind § 6310 is not merely to aid the
26. reporting of actual safety violations." Freund v. Nycomed Amersham, 347 F.3d 752, 759
27. (9th Cir. 2003). "As long as the employee makes the health or safety complaint in good
28. faith, it does not matter for purposes of a wrongful termination action whether the complaint

identifies an actual violation of other workplace safety statutes or regulations." Id.; see also Cabesuela v. Browning-Ferris Industries of California, Inc., 68 Cal. App. 4th 101, 109 (1998) (holding § 6310 protects an employee "against discharge for a good faith complaint about working conditions he believes to be unsafe"). The Ninth Circuit has expressly held that a claim for wrongful termination in violation of public policy may be based on a violation of § 6310. See Freund, 347 F.3d at 758.

Accordingly, defendants' motion to dismiss Letch's cause of action for wrongful termination in violation of public policy, as preempted by § 301, will be DENIED.

**B.     Wrongful Termination in Violation of Public Policy – as asserted against Munz**

Defendants correctly argue that Letch cannot assert a cause of action against Munz for wrongful termination in violation of public policy, whether or not it is preempted in part by § 301, because only Safeway, not Munz, was her employer. As a California Court of Appeal has observed, the tort of wrongful termination in violation of public policy is based on "the duty arising from the employment relationship" and there is no case law to "suggest that this tort imposes a duty of any kind of anyone other than the employer." See Weinbaum v. Goldfarb, Whitman & Cohen, 46 Cal. App. 4th 1310, 1315 (1996) (holding third party cannot be held liable for conspiring with employer to wrongfully discharge employee); see also Jacobs v. Universal Development Corp., 53 Cal. App. 4th 692, 704 (1997) ("Only an employer can be liable for tortious discharge, and fellow employees cannot be held accountable for tortious discharge on a conspiracy theory.")

Accordingly, defendants' motion to dismiss Letch's cause of action against Munz for wrongful termination in violation of public policy will be GRANTED.

**C. Intentional Interference with Contractual Relations**

Defendants move to dismiss Letch's claim against Munz for intentional interference with contractual relations, on the ground that a supervisor cannot be held liable for intentional interference with an employee's employment with their mutual employer. Defendants are correct. See, e.g., Shoemaker v. Myers, 52 Cal. 3d 1, 24 (1990) (noting

9

"corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract"); see also Halvorsen v. Aramark Uniform Services, 65 Cal. App. 4th 1383, 1386, 1396 (1998) (holding manager has "absolute privilege against liability" for intentionally interfering with employment relationship by wrongfully inducing employer to terminate employee).

Accordingly, defendants' motion to dismiss Letch's cause of action against Munz for intentional interference with contractual relations will be GRANTED.[5]

**D. Remand**

The only basis alleged by defendants for federal jurisdiction over the instant action is § 301 preemption. (See Notice of Removal at ¶ 5.) There is no allegation of diversity jurisdiction. As a result of the above rulings, no claim preempted by § 301 is before the Court.

As there is no reason for this Court to retain supplemental jurisdiction over the remaining state law claims, the Court does not reach defendants' arguments as to dismissal of the remaining claim for negligence, and will REMAND the action to state court, pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the reasons set forth above,

1. Defendants' motion to dismiss Letch's claim for wrongful termination in violation of public policy as preempted by § 301 of the LMRA is hereby DENIED.

2. Defendants' motion to dismiss Letch's claim for wrongful termination in violation of public policy, as asserted against Munz, is hereby GRANTED.

3. Defendants' motion to dismiss Letch's claim for intentional interference with

---

[5] In light of the above ruling dismissing the claim against Munz for intentional interference with contractual relations, the Court does not reach defendants' additional argument that the claim should be dismissed as preempted by § 301. See, e.g., Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1062-63 (9th Cir. 1989) (declining to decide, in reviewing order granting summary judgment, whether state law cause of action was preempted by § 301 where cause of action was inadequately pleaded and where plaintiff failed to submit evidence sufficient to raise triable issue).

10

1 | contractual relations, as asserted against Munz, is hereby GRANTED.

2 |     4.  The Court declines to retain supplemental jurisdiction over the remainder of
3 | Letch's claims, and hereby REMANDS the action to the California Superior Court for the
4 | County of Contra Costa.
5 |     The Clerk shall close the file.
6 | **IT IS SO ORDERED.**
7 | Dated: September 12, 2005            MAXINE M. CHESNEY
                                      United States District Judge